No. 35,906

Avis M. Willoughby, *Appellee*, v. D. J. Sheedy, Executor of the Estate of Mary A. Graham, Deceased, *Appellant*.

(142 P. 2d 799)

Opinion filed November 6, 1943.

*T. D. Hampson,* of Fredonia, argued the cause, and *D. J. Sheedy,* of Fredonia, was on the briefs for the appellant.

*J. L. Stryker,* of Fredonia, argued the cause, and *Ora D. McClellan,* of Neodesha, was on the briefs for the appellee.

The opinion of the court was delivered by

Wedell, J.: This was an action on a promissory note. Judgment was for plaintiff and defendant appeals.

Plaintiff was a daughter of the original defendant, Mary A. Graham. The defendant died and the action was revived against D. J. Sheedy, executor of defendant's estate.

The parties agree the only issues are whether there was a material alteration in the note and whether the action was barred. The parties waived trial by jury and the court resolved both issues against the defendant in special findings of fact and conclusions of law.

Appellant challenges certain findings of fact and the conclusions of law. We deem it unnecessary to set out the findings of fact but shall review the record with a view of ascertaining whether there is. substantial evidence to support the findings on the issues stated. There were other incidental findings which need not be noted.

At the outset it may be well to state that the only objection interposed to the evidence of appellee was to the introduction of the note. The objection was solely upon the ground the note disclosed

it had been materially altered and that the alteration was not explained. No question is therefore involved relative to the competency of appellee to testify concerning her transactions or communications with the deceased, to which she testified freely.

Did the court err in failing to sustain appellant's objection to the introduction of the note? Prior to the trial appellant requested leave to inspect the note, which request appellee's attorney granted. Appellee, in substance, testified:

She had not, nor had anyone else with her knowledge or consent, made any alteration in the instrument after its execution and delivery by her mother, the maker of the note; when she gave the note to her attorney to file suit the note was slightly discolored; at the time of trial the note was blotched, blurred and looked generally deteriorated.

Testimony offered in behalf of appellant disclosed that while the note was in appellant's possession it had been chemically treated by one of appellant's witnesses, the deputy sheriff of Wilson county, with iodine fumes and moisture in an attempt to make legible some writing which appeared to have been inserted in the note by someone, but which later had been obliterated by erasure or some chemical process. Appellant's testimony further disclosed that while the note was under the effect of the described treatment the alleged alteration was reproduced sufficiently to disclose the substance thereof which was as follows—"this note not to be deducted from my equal share of estate." The testimony of appellant's expert handwriting witness was that he had no positive opinion as to whether the above insertion was in the handwriting of appellee or whether it had been placed there after the execution of the note.

As previously indicated the insertion was not visible or at least not legible to the naked eye.

There was ample testimony the deceased had signed and delivered the note to appellee and that at the time of its execution and delivery it appeared in regular form and that no insertion was observed. The record, therefore, supports the findings of the trial court that the insertion in question was placed there by someone after the execution and delivery of the note. The insertion, however, had been obliterated at the time the note was introduced in evidence. Did the previous insertion and its later obliteration constitute a material alteration in this note? We do not think so. Appellee's cause of action on the note in nowise rested thereon and

no claim was made by her which in any manner depended upon the previous insertion. In other words her cause of action was precisely the same as though the insertion had never been placed in the note. It is not every alteration which voids an instrument. The alteration must be a material one. G. S. 1935, 52-907 defines what constitutes a material alteration of a negotiable instrument. It reads:

"Any alteration which changes: (1) The date; (2) the sum payable, either for principal or interest; (3) the time or place of payment; (4) the number or the relations of the parties; (5) the medium or currency in which payment is to be made, or which adds a place of payment where no place of payment is specified, or any other change or addition which alters the effect of the instrument in any respect, is a material alteration."

We have no hesitancy in concluding the insertion and later obliteration thereof did not constitute a material alteration within the provisions of the statute. The effect of the instrument was in no respect altered and the trial court properly concluded there was no material alteration in the note.

Was the action barred? G. S. 1935, 60-306 *First,* permits the bringing of an action upon a written agreement, contract or promise in writing within five years after the cause of action accrues. This was a demand note and was executed and delivered March 15, 1930. No demand for its payment was made prior to the commencement of the action on January 6, 1941. On the back of the note were the following endorsements:

"Payment of Interest:

| | | |
|---|---|---|
| August 10 ................ ........1934.......................... | $25.00 |
| August 10 ........................1934.......................... | 25.00 |
| (principal) | |
| June 29 ..........................1935.......................... | 10.00 |
| July 3 ..........................1935.......................... | 10.00 |
| Dec. 2 ..........................1935.......................... | 15.00 |
| Dec. 28 ..........................1935.......................... | 15.00 |
| June 2 ..........................1936.......................... | 15.00 |
| July 9 ..........................1936.......................... | 30.00" |

Manifestly if these payments were valid the running of the statute of limitations was tolled and the action was not barred. Appellant, however, argues there was no evidence the payments on the note were actually made by the maker of the note. With that contention we cannot agree. The note contained the endorsements of payments and there was no objection to its introduction on the ground such endorsements had been altered materially or otherwise.

The testimony was that $50 was paid in cash on August 10, 1941. All other payments were made by check, which bore the signature of the maker. They were drawn upon and paid out of the maker's bank account and contained the endorsement of appellee, the payee. There was testimony each check was marked, "3-15-30," that being the date of the note and that those figures were placed on the check at the maker's suggestion in order to identify the note on which the payments were intended to be applied.

Appellant argues the record discloses appellee did not testify truthfully concerning certain matters in the lawsuit. A jury was waived and the district court became the trier of the facts. It is not uncommon for a court or jury to believe a portion of a witnesses' testimony and to disbelieve some other portions thereof. In this case the court believed the important and material portions of appellee's testimony and it had the right to do so. The court believed the witness was mistaken relative to some things. It found appellee was mistaken when she testified she placed the figures "3-15-30," on the checks before they were cashed and that those figures were put on the checks after they were cashed at the bank. There is nothing in that finding which defeats recovery on the note.

Other incidental matters might be discussed, but they are not essential to a determination of the appeal.

The judgment is affirmed.